On petitioner-cross-respondent's reconsideration filed August 13 and respondents-cross-petitioners' response to reconsideration filed September 4, reconsideration allowed; former opinion filed April 11 (69 Or App 63, 686 P2d 385) adhered to October 10, reconsideration denied December 7, 1984, petition for review denied January 29, 1985 (298 Or 597)

In the Matter of Richard Scott
Wilson, Student.

LAUGHLIN et al,
*Respondents - Cross-Petitioners,*
DEPARTMENT OF EDUCATION OF THE
STATE OF OREGON,
*Respondent - Cross-Respondent,*

*v.*

SCHOOL DISTRICT NO. 1,
MULTNOMAH COUNTY,
*Petitioner - Cross-Respondent.*

(CA A25473)

689 P2d 334

P. Conover Mickiewicz, Graham M. Hicks and Miller, Nash, Wiener, Hager & Carlsen, Portland, for petition.

Elam Lantz, Jr. and Zachary Zabinsky, Portland, contra.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Multnomah County School District No. 1 (district) has petitioned for reconsideration and review of our decision in *Laughlin v. School Dist. No. 1,* 69 Or App 63, 686 P2d 385 (1984), contending that a part of our decision conflicts with *Smith v. Robinson,* 468 US ___, 104 S Ct 3457, 82 L Ed 2d 746 (1984), decided within a few days of our decision. We allow the petition and adhere to our decision.

The district's petition only challenges our holding that the Department of Education (department) has discretionary authority under the the Rehabilitation Act of 1973, 29 USC § 794a (b), to award attorney fees to respondents Laughlin (parents), if the department determines that parents are the prevailing party on a claim brought under section 504 of the Rehabilitation Act. Although parents' complaint alleged violations of section 504, the department's order did not indicate whether they prevailed on any of those claims. We remanded the case, in part, "for determination of parents' claim under the Rehabilitation Act and, if appropriate, reconsideration of parents' claim for attorney fees." *Laughlin v. School Dist. No. 1, supra,* 69 Or App at 74.

District now contends that this holding conflicts with *Smith v. Robinson, supra.* As relevant here, *Smith* holds that when the Education For All Handicapped Children Act of 1975 (EHA), 20 USC § 1400 *et seq* (1982), guarantees a right with more precision and clarity than does section 504, a party seeking to enforce that right is limited to the remedies provided by the EHA, and "a plaintiff may not circumvent or enlarge on the remedies available under the EHA by resort to § 504." *Smith v. Robinson, supra,* 468 US at ___ (82 L Ed 2d at 771). Because attorney fees are not available under the EHA, it follows from *Smith* that a party may not resort to section 504 to recover attorney fees when seeking to enforce rights guaranteed by the EHA by simply restating the EHA claim under section 504. However, *Smith* specifically does not address situations where the EHA is not available, or situations where the right claimed is not provided by the EHA with more clarity and precision than the right provided by section 504.

It is not apparent from the record before us that parents rely on section 504 only for an award of attorney fees,

that the rights parents claim under section 504 are more clearly and precisely guaranteed by the EHA or that the EHA is available for the presentation of parents' section 504 claims. Because those questions should be answered in the first instance by the department and must be answered affirmatively before *Smith* bars parents' claim for relief under section 504, including an award of attorney fees should they prevail, we conclude that remand of the case to the department for specific consideration of parents' section 504 claims is the appropriate disposition.

Petition for reconsideration allowed; former opinion adhered to.